IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JASON DUNN,<br><br>            Petitioner,<br>    v.<br><br>TYLER BLEWETT,<br><br>            Respondent. | Case No.: 2:20-cv-01516-YY<br><br>ORDER |

**Adrienne Nelson, District Judge**

       United States Magistrate Judge Youlee Yim You issued a Findings and Recommendation in this case on September 22, 2023, ECF [64], in which she recommended that petitioner's Petition for Writ of Habeas Corpus, ECF [2], be denied. Petitioner timely filed objections to the Findings and Recommendation. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

       A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If any party files objections to a magistrate judge's proposed findings and recommendations, "the court shall make a de novo determination of those portions of the report." *Id.* No standard of review is prescribed for the portions of the report for which no objections are filed, and no review is required in the absence of objections. *Thomas v. Arn*, 474 U.S. 140, 152-154 (1985). A district court judge is not, however, precluded from *sua sponte* review of other portions of the report, under a *de novo* standard or otherwise. *Id.* at 154. The Advisory Committee notes to Federal Rule of Civil Procedure 72(b) recommend that, when no objection is filed, the recommendations be reviewed for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

       Petitioner first objects, "[f]or the reasons set out in his previous filings," to Judge You's

1

conclusion that petitioner's mental illness does not constitute an extraordinary circumstance sufficient to equitably toll the statute of limitations for filing a habeas petition, excusing his untimely filing. Pet.'s Objections to F&R ("Pet.'s Objs."), ECF [67], at 2.

To demonstrate that a mental impairment constitutes an extraordinary circumstance that prevented timely filing, a petitioner must first show that his mental impairment was so severe that he was either "unable rationally or factually to personally understand the need to timely file" or that his "mental state rendered him unable personally to prepare a habeas petition and effectuate its filing." *Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1078 (9th Cir. 2014) (citing *Bills v. Clark*, 628 F.3d 1092, 1099–100 (9th Cir. 2010)). Then, a petitioner must show that he demonstrated diligence in pursuing his claims to the extent that he could understand them, but that under the totality of the circumstances, his mental impairment made it impossible to meet the filing deadline. *Id.*

Upon review, the Court agrees with Judge You's finding that petitioner offered no evidence and did not attempt to explain how his mental illness prevented him from filing his petition until three years after the post-conviction relief ("PCR") court issued judgment. Findings & Recommendation ("F&R"), ECF [64], at 6. The evidence that petitioner did submit, relating to petitioner's PCR proceedings, does not, for the reasons that Judge You describes, establish that petitioner was unable to understand the need to seek PCR. *Id.* at 5-6. Further, plaintiff does not offer evidence that he exercised diligence, to the extent that he could, during the three years between the entry of judgment in the PCR proceedings and the filing of his habeas petition. Petitioner has not demonstrated that his mental health constituted an extraordinary circumstance that prevented timely filing and equitably tolled the statute of limitations.

Petitioner next objects to Judge You's conclusion that he did not establish actual innocence, excusing his untimely filing. While petitioner concedes that his claims are procedurally defaulted, he also objects to the finding that he has not established actual innocence to excuse his procedural default. Pet.'s Objs. 2.

In the Ninth Circuit, "a petitioner is not barred by the AEDPA statute of limitations from filing an otherwise untimely habeas petition if the petitioner makes a credible showing of 'actual innocence'

2

under *Schlup v. Delo*." *Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir. 2011) (quoting *Schlup v. Delo*, 513 U.S. 298 (1995)).[1] To establish actual innocence under *Schlup*, a petitioner must show that dismissal of the habeas petition would be a "miscarriage of justice" by demonstrating that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Schlup*, 513 U.S. at 326-27 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). To make a credible claim of actual innocence, the petitioner must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324. The petitioner must show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.

As Judge You properly found, all of the proffered evidence – an Oregon Department of State Police Forensic Laboratory Analytical Report describing DNA test results, a psychosocial examination of petitioner, and a psychologist's review of an interview with the victim – were available at the time of petitioner's plea agreement, and thus are not "new" for purposes of establishing actual innocence. F&R 7-8. The PCR court found that petitioner was "not credible when he assert[ed] that his trial attorney failed to explain adequately the DNA evidence or the CARES interview report to him prior to his entry of his pleas." Exs. to Answer, ECF [14], Ex. 133. Because petitioner did not introduce any new evidence, he has failed to make a credible claim of actual innocence.

Even if considered, the evidence presented by petitioner would not establish actual innocence under *Schlup*. Petitioner asserts that the DNA evidence was weak because it was not conclusive – the sperm cell samples did not contain a testable profile, and thus were not attributed to any person, and while the epithelial cell samples contained petitioner's DNA, they also contained DNA of other family members residing with the victim. Brief in Support of Pet., ECF [58], at 13-14. Although there were other

---

[1] The Ninth Circuit has made no finding as to whether the *Schlup* actual innocence gateway is available to petitioners who were not convicted following a jury trial, but instead pleaded guilty or no contest. *Smith v. Baldwin*, 510 F.3d 1127, 1140 n.9 (9th Cir. 2007). Because the Ninth Circuit has not foreclosed the availability of the gateway, and because the state does not raise the issue in its response, the Court applies the *Schlup* test despite petitioner's no contest plea.

3

contributors to the DNA evidence found on the victim's underwear, it is not more likely than not that no reasonable juror would have convicted petitioner in light of DNA evidence showing that petitioner's epithelial cells and unidentified sperm cells were found on the victim's underwear. Similarly, in light of the totality of the evidence, the psychosocial report, in which petitioner denies the allegations against him and suggests that another family member was culpable, and the expert psychologist report, which noted that the interview conducted with the victim did not follow best practices and used invitational questioning, would not make it more likely than not that no reasonable juror would convict petitioner. Petitioner did not introduce any evidence showing that a constitutional violation probably occurred that led to his conviction in spite of actual innocence. The Court, therefore, adopts Judge You's finding that petitioner has not met the requirements of the actual innocence exception to excuse the untimely filing of his habeas petition.

For the same reasons just described, the Court adopts Judge You's findings that actual innocence does not excuse petitioner's procedural default of his claims.

Finally, petitioner objects to Judge You's recommendation that the Court decline to issue a Certificate of Appealability ("COA"). Pet.'s Objs. 3. A COA should be issued when "jurists of reason" would find the Court's decision "debatable." *Martinez v. Shinn*, 33 F.4th 1254, 1261 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 584 (2023). *See also Slack v. McDaniel*, 529 U.S. 473, 478 (2000) ("when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."). The petitioner must show that "'the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; *or* that the questions are adequate to deserve encouragement to proceed further.'" *Martinez*, 33 F.4th at 1261 (quoting *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000)).

Jurists of reason would not find debatable the Court's rulings that petitioner did not overcome his untimely filing by demonstrating equitable tolling or the procedural default of his claims. Accordingly, the Court declines to issue a Certificate of Appealability.

4

For the foregoing reasons, the Court ADOPTS Judge You's Findings and Recommendation, ECF [64], in full. Petitioner's Petition for Writ of Habeas Corpus, ECF [2], is DENIED, and this case is DISMISSED with prejudice. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

DATED this 26th day of March, 2024.

Adrienne Nelson
United States District Judge